IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00280-RM-CBS

SAMANTHA ANDERSON,

     Plaintiff,

v.

HEALTHCARE SERVICES GROUP, INC.;
KEN COPE;
ANDREW YANDT;
AARON CHURCH

     Defendants.

---

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of this Stipulated Protective Order to protect from disseminating confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

**IT IS ORDERED:**

     1.    This Stipulated Protective Order shall apply to all documents, materials, and information, received during litigation of this matter, related to (1) Plaintiff's medical and/or mental health issues, including but not limited to responses to discovery request seeking the identity of medical and/or mental health treatment providers, as well as all information produced by Plaintiff or her medical and/or mental health treatment providers regarding these matters; or (2) personnel records and personnel information relating to employees or former employees of Defendant Healthcare Services Group, Inc. ("HSG"), including, but not limited to, Kenneth Cope, Andrew Yandt and Aaron Church.  The Parties request that the Court enter this Stipulated

Protective Order for the purpose of preventing the disclosure and use of above described documents and information contained therein except as set forth herein.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A).

3. Information designated CONFIDENTIAL shall be information that is confidential and implicates common law and/or statutory privacy interests. CONFIDENTIAL information may also include confidential information about third parties contained in a party's files, including medical records and/or portions of documents that contain information generally considered to be confidential such as a social security number. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 1 & 3 of this Stipulated Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the defendants and Plaintiff's spouse;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)  the Court and its employees ("Court Personnel");

    (f)  stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)  deponents, witnesses, or potential witnesses; and

    (h)  other persons by written agreement of the parties.

  5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed or associated with counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any documents obtained by a party using authorized releases from an opposing party should automatically be considered confidential and bound by the terms of this protective order.

  7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file within thirty (30) days of notice of the objection, an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the party designating the information as CONFIDENTIAL fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegal, employees and associates are precluded from producing or providing copies of any documents or materials subject to this Stipulated Protective Order to any print, electronic, or news media representatives, employees or agents and are prohibited from disclosing any information contained in such documents to those individuals.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Stipulated Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of the Stipulated Protective Order.  At the conclusion of this litigation, unless other arrangements are agreed upon, the documents and any copies thereof which have been designated as CONFIDENTIAL shall continue to be subject to this Stipulated Protective Order, and shall be stored in a manner which will preclude others from obtaining such documents and shall be destroyed in the routine course of business.

11. Any item or information inadvertently furnished by the producing party or non-party during the course of this litigation without designation of Confidential may nevertheless subsequently be designated as Confidential Information under this Order, but only if counsel for the producing party provides prompt written notice to all receiving parties of the inadvertent production within twenty (20) days after the production and requests that the receiving parties thereafter treat such information as Confidential Information under this Order.  No disclosures of such inadvertently produced information shall be deemed to violate this order if the disclosure is made prior to the receipt of notice of the producing Party's designation of the information as Confidential Information.

12. If a Party desires to disclose Confidential Information in a motion or at a pretrial hearing said Party must notify the Party seeking to maintain the confidentiality of the information within 10 days of the motion or hearing to permit sufficient time for the party bearing the responsibility to file a motion to restrict access, pursuant to D.C.Colo.L.Civ.R 7.2 (B), prior to filing the Confidential Information with the Court.  If a Party desires to use Confidential Information at trial, said Party shall specifically identify the Confidential

Information that it/they intend to introduce at trial in the Final Pretrial Order, pursuant to D.C.Colo.L.Civ.R 16.3. Confidential Information shall not be disclosed, shown or read to any person except as provided herein.

13. In the event that the parties to this litigation, their counsel, or any parties who have consented to be bound to the terms of this Stipulated Protective Order, in any way violate the terms or conditions of this Stipulated Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for purpose of any contempt proceedings or an action concerning a litigant's rights to injunctive relief as a result of such violations.

14. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information in this action.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

9

DATED this 14th day of June, 2013.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge